**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

WESLEY HESTER
ADC #129029                                                                                  PLAINTIFF

V.                                              NO: 2:08CV00123 JMM/HDY

LARRY NORRIS *et al.*                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District
         Judge (if such a hearing is granted) was not offered at the
         hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
         hearing before the District Judge in the form of an offer of

1

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this complaint on June 25, 2008, alleging that he was the victim of an attack

by another inmate, that prison guards failed to intervene quickly enough, and that he was improperly

disciplined thereafter.[1]

On December 12, 2008, Plaintiff's claims against all Defendants, except for those against

Brenda Kirksey, were dismissed (docket entry #78). According to the record, Kirksey has been

served with the summons and complaint (docket entry #64), but has failed to respond.  A hearing

was scheduled for April 27, 2009, to consider the issue of damages, and Kirksey was sent a notice

of the hearing, but did not attend.  Following a presentation of testimony by Plaintiff at the hearing,

the undersigned enters the following findings and recommendations.

## I. Facts

Plaintiff was housed at the East Arkansas Regional Unit on March 29, 2007, the date of the

incident in question.  Plaintiff was at another inmate's bunk visiting, when a third inmate demanded

---

[1]Plaintiff mentioned the disciplinary issues at the hearing, but they have no relevance to his allegations against Kirksey.

that he move so that he could watch the television.  Plaintiff refused to move, and suggested that the third inmate go watch television in the television area, rather than the bunking area.  At that point, the third inmate approached Plaintiff in a threatening manner.  After an exchange of words between Plaintiff and the third inmate, Plaintiff began moving toward Plaintiff's bunk, and was struck from behind.  Plaintiff then grabbed the assailant by the arm, and flipped him over his back, and restrained him.  When the assailant indicated to Plaintiff that he would discontinue his attack, Plaintiff released him, only to be struck in the eye area.  According to Plaintiff, this left a "black streak" under his eye, which, along with general soreness and fatigue, were Plaintiff's injuries.  Plaintiff described no permanent injury as a result of the altercation.  After the struggle had been in progress for a few minutes, a response team arrived and controlled the situation.

## II.  Analysis

Plaintiff asserts that Kirksey and one other officer were responsible for 200 inmates in four areas, and seeks to impose liability upon her for her alleged failure to intervene once the assault began.[2]  Kirksey is in default and  failed to appear to offer any testimony to contradict Plaintiff's

---

[2]In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that the prison officials were deliberately indifferent to a substantial risk of serious harm.  In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added).  Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."  *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).  In this case, there is no allegation that Kirksey expected

allegations, and Plaintiff did suffer some injuries as a result of the attack.  The injuries described by Plaintiff were minimal, consisting of a bruise and general soreness and fatigue.  In fact, the bruise was the result of a surprise blow to the face, when Plaintiff released the assailant after he had restrained him.  In light of all the facts presented, the undersigned concludes that Plaintiff is entitled to $10.00 in damages for injuries he sustained in the attack.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT Plaintiff be awarded $10.00 against Defendant Brenda Kirksey only, on his claim that she failed to protect him from another inmate's assault.

DATED this __28__ day of April 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

the attack, and it appears to have been a surprise.  Kirksey may have had an obligation to intervene, but even that is not required in every instance.  *See Prosser v. Ross,* 70 F.3d 1005, 1008 (8th Cir. 1995) (no constitutional duty to intervene in armed assault of one inmate upon another when guard could be in danger of physical harm, or when inmates outnumber guards).  Thus, it is questionable whether Kirksey is liable at all for failing to intervene.  Kirksey's liability is more questionable, given that a security team was called, and ended the incident.  According to Plaintiff's complaint, Kirksey is the one who called for assistance, which does not suggest that she was deliberately indifferent to his safety.

4