**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

**WESLEY HESTER**
**ADC #129029**                                                                                          **PLAINTIFF**

**VS.**           **CASE NO. 2:08CV00123 JMM**

**LARRY NORRIS, ET AL.**                                                                    **DEFENDANTS**

**ORDER**

On May 8, 2009, Judgment was entered in favor of Plaintiff and against Defendant in the amount of $10.00 for damages and $350.00 for costs in the above styled case.

On June 24, 2009, Plaintiff filed an Application for a Writ of Execution which was granted on June 26, 2009 and Plaintiff was mailed a Writ of Execution form.  On July 16, 2009, the Clerk of the Court was directed to complete the Writ of Execution form and to deliver the writ to the United States Marshal for service.

On September 10, 2009, the Writ of Execution was returned executed as to Defendant and stated that the Marshal had made unsuccessful attempts to serve Defendant by mail and telephone.

On August 30, 2010, Plaintiff filed a Motion for Re-Issuance of Writ which was granted.  The Clerk of the Court prepared the writ and delivered it to the Marshal for execution on September 17, 2010.  The writ was returned executed on May 16, 2011, with the notation that Plaintiff was unemployed and without any money.  There was a notation that Plaintiff was expecting an income tax refund.

Plaintiff has now filed a Writ of Garnishment but has failed to identify a third party who controls property of the defendant, *e.g*. Defendant's bank or Defendant's employer.

Because the Court cannot issue a Writ of Garnishment until Plaintiff has provided the name and particulars of a third party who controls property of the defendant, Plaintiff's Writ of Garnishment (#120) is denied without prejudice.

IT IS SO ORDERED THIS  27  day of  October , 2011.

_____
James M. Moody
United States District Judge